## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

Debtor(s)
DALLAS J. ISAACS and
MARY E. ISAACS                                              Case No. 9:15-bk-

## CHAPTER 13 PLAN

**CHECK ONE:**

 _XX_  Debtor[1] certifies that the Plan does not deviate from the model plan adopted by the Court at the time of the filing of this case. Any nonconforming provisions are deemed stricken.

_____ The Plan contains provisions that are specific to this Plan in paragraph 9, Nonconforming Provisions. Any nonconforming provision not set forth in paragraph 9 is deemed stricken.

**1.      MONTHLY PLAN PAYMENTS**. Plan payments include the Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date. Debtor shall make payments to the Trustee for the period of __60__ months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payment under the plan and may cause an increased distribution to the unsecured class of creditors:

**(A)** $1,534.00  for months ___1_____ through _____60_____
**(B)** $_____  for months _____ through _____
**(C)** $_____  for months _____ through _____

in order to pay the following creditors:

**2.      ADMINISTRATIVE ATTORNEY'S FEES.**

**Base Fee $4,100.00   Total Paid Prepetition $1,500.00   Balance Due $2,600.00**

**Estimated Additional Fees Subject to Court Approval $1,800.00**

**Attorney's Fees Payable through Plan $ Maximum Allowed Monthly(subject to adjustment)**

---

[1]  All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

**3.** **PRIORITY CLAIMS (as defined in 11 U.S.C. § 507).**

| Last 4 Digits of Acct No. | Creditor | Total Claim |
|---|---|---|
| 2076 | Internal Revenue Service | $1,500.00 |
| | | |
| | | |
| | | |

**4.** **TRUSTEE FEES.** Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.

**5.** **SECURED CLAIMS.** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments.

**(A) Claims Secured by Real Property Which Debtor Intends to Retain/ Mortgage Payments and Arrears, if any, Paid through the Plan.** If the Plan provides for curing prepetition arrearages on a mortgage, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly postpetition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the postpetition mortgage payments on the following mortgage claims:

| Last 4 Digits of Acct No. | Creditor | Collateral Address | Reg. Mo. Pmt. | Gap Pmt. | Arrears |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

**(B) Claims Secured by Real Property/Debtor Intends to Seek Mortgage Modification.** Pending the resolution of a mortgage modification request, Debtor shall make the following adequate protection payments to the Trustee, calculated at the lesser of 31% of Debtor's gross monthly income from all sources listed on Schedule I, minus homeowner association fees or the normal monthly contractual mortgage payment::

| Last 4 Digits of Acct. No. | Creditor | Collateral Address | Pmt. Amt.(at 31% or Contract Amt.) |
|---|---|---|---|
| 8799 | Bank of America | Homestead | $1,282.41 |
| | | | |
| | | | |

**(C) Claims Secured by Real Property or Personal Property to Which Section 506 Valuation APPLIES.** Under 11 U.S.C. § 1322(b)(2), this provision does not apply to a claim

2

secured solely by Debtor's principal residence. A separate motion to determine secured status or to value the collateral must be filed. The secured portion of the claim, estimated below, shall be paid:

| Last 4 Digits of Acct No. | Creditor | Collateral Desc./Address | Claim Amt. | Value | Pmt. | Interest @___% |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**(D)  Claims Secured by Real Property and/or Personal Property to Which Section 506 Valuation DOES NOT APPLY.** Claims of the following secured creditors shall be paid in full with interest at the rate set forth below as follows:

| Last 4 Digits of Acct No. | Creditor | Collateral Desc./Address | Claim Amt. | Pmt. | Interest @ _____% |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**(E)  Claims Secured by Personal Property – Maintaining Regular Payments and Curing Arrearages, if any, with All Payments in Plan.**

| Last 4 Digits of Acct No. | Creditor | Collateral Description | Regular Payment | Arrearages |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**(F)  Secured Claims/Lease Claims Paid Direct by Debtor.** The following secured claims/lease claims are being made via automatic debit/draft from Debtor's depository account and are to continue to be paid direct to the creditor or lessor by Debtor outside the Plan via automatic debit/draft.  The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. (Note: The Plan must provide for the assumption of lease claims that Debtor proposes to pay direct in the Lease/Executory Contract Section 6 below.)

| Last 4 Digits of Acct No. | Creditor | Property/Collateral |
|---|---|---|
| 4929 | Ally | 2008 Dodge Ram |
| 8527 | Bank of America | Homestead |
| 8334 | Suncoast Credit Union | 2013 GMC Sierra Pickup |
| 2160 | Suntrust | 2010 Chevy Tahoe |

**(G)  Liens to be Avoided per 11 U.S.C. § 522/Stripped Off per 11 U.S.C. § 506.** A separate motion to avoid a lien or to determine secured status and to strip  must be filed.

| Last 4 Digits of Acct No. | Creditor | Collateral Description/Address |
|---|---|---|
| 8296 | Bank of America | Homestead |
| | | |
| | | |

**(H)  Surrender of Collateral/Leased Property.** Debtor will surrender the following collateral/leased property. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. (Note: The Plan must provide for the rejection of lease claims in the Lease/Executory Contract section below.)

| Last 4 Digits of Acct No. | Creditor | Property/Collateral to be Surrendered |
|---|---|---|
| 1302 | Capital One Retail Svc | 2010 Polaris 700 Sportsman 4 wheeler |
| 9841 | US Bank | 2008 22' Nautic Bay Star |
| | | |
| | | |

**(I)  Other Secured Claims.** Debtor does not intend to make payments to the  following secured creditors.  The automatic stay is terminated in rem as to Debtor and *in rem* and *in personam* as to any codebtor with respect to these creditors. Debtor's state law contract rights and defenses are neither terminated nor abrogated.

**6.     LEASES/EXECUTORY CONTRACTS.**

| Last 4 Digits of Acct No. | Creditor | Property | Assume/Reject-Surrender | Est. Arrears |
|---|---|---|---|---|
| | | | | |
| | | | | |

**7.     GENERAL UNSECURED CREDITORS.** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the

above referenced creditors or shall otherwise be paid pursuant to the provisions of a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than **$9,409.00.**

8. **ADDITIONAL PROVISIONS:**

(A)     Unless otherwise ordered, secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims:

(B)     Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as may be allowed by an Order of the Bankruptcy Court.

(C)     Property of the estate (check one)*

(1) _____ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise; or

(2) ___XX___ shall vest in Debtor upon confirmation of the Plan.

*If Debtor fails to check (1) or (2) above, or if Debtor checks both (1) and (2), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

(D)     The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. The Trustee shall only make payment to creditors with filed and allowed proof of claims. An allowed proof of claim will control, unless the Court orders otherwise.

(E)     A plan summary or spreadsheet may be attached that is intended to provide an estimate of anticipated distributions pursuant to this proposed Plan. The actual distribution may vary based upon claims filed, net disposable income, amendments made in open court and the Plan as confirmed. In the event the plan summary or spreadsheet conflicts with the body of this Plan, the body of the Plan controls prior to confirmation, after which time the order confirming plan shall control..

(F)     Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 days of filing the return. Unless otherwise ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments. Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor shall not spend any tax refunds without first having obtained the Trustee's consent or court approval.**

**9.**    **NONCONFORMING PROVISIONS:**

_____

_____

_____


 /S/ DALLAS J. ISAACS_____              Date:__4/26/16_____
DALLAS  J. ISAACS


/S/ MARY E. ISAACS_____              Date:__4/26/16_____
MARY E. ISAACS